UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES D.,

                          Plaintiff,

v.                                                                                         CASE # 1:21-cv-00984

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                                        ELIZBETH A. HAUNGS, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                       JESSAMYN L. HANNA, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

       The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.    RELEVANT BACKGROUND**

   **A.    Factual Background**

Plaintiff was born on August 13, 1991 and has less than a high school education. (Tr. 111, 537). Generally, plaintiff's alleged disability at the time of application was limited movement in back and neck rotation, inability to stand over 10 minutes, anxiety, and depression. (Tr. 536). His alleged onset date of disability was June 21, 2017, and his date last insured was September 30, 2019. (Tr. 522).

   **B.    Procedural History**

On August 28, 2019, plaintiff protectively applied for a period of Supplemental Security Income Benefits under Title XVI of the Social Security Act and a period of Disability Benefits (SSD) under Title II of the Social Security Act. (Tr. 22). Plaintiff's applications were denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On July 30, 2020, plaintiff appeared telephonically before ALJ Vincent M. Cascio, but it was adjourned for further consideration of outstanding medical records and consultative examinations. (Tr. 107). Supplemental hearings were conducted on September 29, 2020, and January 6, 2021. (Tr. 15, 63-96). On January 19, 2021, ALJ Cascio issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-27). On July 8, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   **C.    The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

   1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019.

    2.   The claimant has not engaged in substantial gainful activity since June 21, 2017, the amended alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

    3.   The claimant has the following severe impairments: ulnar neuropathy/CTS of the right upper extremity; bursitis of right shoulder; lumbar spine herniation and degenerative disc disease; status-post excision surgery of ganglion cyst of left hand; and, cervicalgia (20 CFR 404.1520(c) and 416.920(c)).

    4.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

    5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs. The claimant can never climb ropes, ladders or scaffolds. He can occasionally stoop, balance crouch and kneel. He can never crawl. The claimant can have no exposure to unprotected heights or hazardous machinery. The claimant cannot lift more than 10 pounds with the right upper extremity. The claimant cannot push/pull more than 10 pounds with the right upper extremity. The claimant cannot reach overhead with the right upper extremity. The claimant can occasionally finger with the right hand and wrist. The claimant can frequently finger with the left hand and wrist.

    6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

    7.   The claimant was born on August 13, 1991 and was a younger individual age 18-49 on the amended alleged disability onset date (20 CFR 404.1563 and 416.963).

    8.   The claimant has a limited education (20 CFR 404.1564 and 416.964).

    9.   Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

    10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

    11.  The claimant has not been under a disability, as defined in the Social Security Act, from June 21, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-27)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Argument

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ failed to properly evaluate opinion evidence and failed to reconcile the RFC with frequent treatment. (Dkt. No. 16 [Pl's Mem. of Law]).

### B.   Defendant's Arguments

In response, defendant argues the RFC was supported by substantial evidence and the ALJ properly evaluated the medical opinion evidence and treatment frequency. (Dkt. No. 18 [Def.'s Mem. of Law]).

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.   Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff's first argument is a disagreement with how the ALJ interpreted the opined limitations from consultative examiner Dr. Liu. (Dkt. No. 16 at 16). Plaintiff argues the ALJ failed to account for the limitations opined despite finding the opinion partially persuasive. After an examination in October 2019, Dr. Liu opined:

> Moderate to severe limitation for prolonged walking, bending, kneeling, squatting, lifting, carrying, overhead reaching. The claimant cannot perform the fine manipulation with both hands, zipper button and tie due to pain.
> (Tr. 2710).

Indeed, the ALJ found this opinion partially persuasive for the left hand limitations but the other portions persuasive and supported by the findings on examination. (Tr. 25). Plaintiff's argument that the ALJ failed to account for the "up to severe" limitations in the RFC is not persuasive.

The general principles concerning the ALJ's function in making an RFC finding are well settled, including the principle that an ALJ's RFC finding need not perfectly correspond to any particular medical opinion, but instead should be consistent with the record as a whole and based on all of the credible relevant evidence. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (Rejecting argument that ALJ had improperly substituted his medical judgment for expert opinion, stating that: "Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

6

As an initial matter, moderate to marked limitations with prolonged walking, lifting, carrying, bending, kneeling, and squatting, are consistent with light work. *See Melissa F. v. Comm'r of Soc. Sec.*, 1:20-cv-1363-WBC, 2021 WL 3887256, at *5 (Aug. 31, 2021) (finding that opinion of moderate-to-marked limitations with "prolonged standing, walking, squatting, kneeling, climbing, lifting, carrying, pushing, and pulling" was not inconsistent with RFC for light work with additional postural and manipulative limitations). Furthermore, the ALJ also determined plaintiff could perform work at the sedentary exertional level. *See* Tr. 56-57 (ALJ's hypothetical for sedentary work, with additional postural, environmental and manipulative restrictions, posed to vocational expert at the January 2021 hearing, and the expert's response that there were jobs at the sedentary level that could be performed with such limitations), 87-88 (same hypothetical posed to another vocational expert at the September 2020 hearing, and expert's response that jobs were available). *See Melissa F. v. Comm'r of Soc. Sec.*, 1:20-cv-1363-WBC, 2021 WL 3887256, at *5 (finding that even if moderate to marked limitations were inconsistent with light work, any error was harmless where the ALJ also determined that the plaintiff could perform sedentary work).

This record was voluminous and included many opinions in addition to Dr. Liu's which the ALJ diligently considered. The medical opinions of Dr. Elmi, Dr. Ehlert, and Dr. Litchmore were found to be fully persuasive and were not challenged by the plaintiff. (Tr. 24-25; Tr. 45-52 (Dr. Elmi's opinion), Tr. 170-73 (Dr. Ehlert's opinion), Tr. 2405 (Dr. Litchmore's opinion)). At the hearing, Dr. Abdilali Elmi summarized the relevant medical records, noting that imaging of the right shoulder had not shown any significant abnormalities, while imaging of the lumbar spine had shown herniations but "with no evidence of radiculopathy," and imaging of the cervical spine had not shown any evidence of herniations, radiculopathy, or narrowing of the neuro foramina. (Tr. 45-52; Tr. 646-74, 701, 1052, 1053, 1806-09). Dr. Elmi also noted the largely normal

examination findings of record, while also remarking that plaintiff did not fully cooperate with Dr. Liu's examination, which limited his findings. (Tr. 45-46; Tr. 1282-1353, 2380-82, 3493-99, 2708-11.) Dr. Elmi testified that plaintiff would be capable of light work, including lifting and carrying up to 20 pounds frequently, and ten pounds occasionally; pushing or pulling up to 20 pounds; sitting for six hours in an eight-hour day; and standing or walking for up to six hours in an eight-hour day. (Tr. 47). Dr. Elmi further found that plaintiff could occasionally climb ramps and stairs, but should never climb ladders or scaffolding, and could occasionally balance, stoop, kneel, crouch and crawl. (Tr. 47). Dr. Elmi also found plaintiff could not lift above shoulder level with the right upper extremity. (Tr. 47-48). State Agency consultant Dr. Gary Ehlert found plaintiff capable of a narrow range of light work, with additional postural limitations. (Tr. 170-73). Dr. Litchmore opined that plaintiff would have marked limitations for lifting and carrying heavy objects with his right upper extremity, as well as reaching overhead and performing repetitive twisting, turning, or grasping movements with the right upper extremity. (Tr. 25; Tr. 2405). Plaintiff's only argument for greater limitations in standing, walking, and lifting is the opinion from Dr. Liu which is inconsistent with the other opinions which were found fully persuasive by the ALJ. (Dkt. No. 16 at 16). *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (It is within the ALJ's discretion to resolve genuine conflicts in the evidence). Plaintiff does not cite evidence of greater limitations than assessed in the RFC nor evidence supporting Dr. Liu's opinion. (*Id.*).

Moreover, as explained above, the RFC is an administrative finding, not a medical one. Ultimately, an ALJ, not a medical source, assesses the RFC based on the record at large. 20 C.F.R. § 404.1545(a). See <u>Tricarico v. Colvin</u>, 681 F. App'x 98, 101 (2d Cir. 2017) (citing <u>Matta</u>, 508 F. App'x at 56) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence

available to make an RFC finding that was consistent with the record as a whole."). Thus, opinion evidence is only one type of evidence that an ALJ is required to consider. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e) ("we will assess the residual functional capacity based on all the relevant medical and other evidence in your case record"); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (explaining that the adjudicator will assess the RFC based on all the relevant evidence in the case record); 20 C.F.R. §§ 404.1513(a)(1),(4), 416.913(a)(1),(4) (explaining that evidence that can be considered includes objective medical evidence, such as medical signs and laboratory findings; as well as evidence from nonmedical sources, including the claimant, such as from forms contained in the administrative record).

Plaintiff next argues the ALJ omitted any evaluation of a statement from Dr. Tracy. (Dkt. No. 16 at 17-21). The ALJ stated that "all the opinions rendered for insurance in the motor vehicle accident indicating the claimant is disabled, unable to work, or about his level of disability were not persuasive" and then outlined the statements of disability that he found not persuasive from Dr. Croce, Dr. Huckell, and Dr. Fishkin but he did not identify Dr. Tracy. (Tr. 24-25). Pain specialist Dr. Tracy examined plaintiff once and then stated plaintiff was suffering from a significant disability. (Tr. 1098-1107). Dr. Tracy did not issue an opinion that plaintiff was limited in any of the specific physical or mental abilities identified in 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). While plaintiff argues the statement is an opinion because "in context" functional terms are used on the form, those terms pertained to plaintiff's subjective complaints not objective findings or an opinion. (Dkt. No. 16 at 18). *Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014) ("Much of what Polynice labels 'medical opinion' was no more than a doctor's recording of Polynice's own reports of pain.").

Similarly, plaintiff argues the ALJ's omission of Dr. Soufleris' recommendation that plaintiff should use a cane was a remandable error. (Dkt. No. 16 at 19-21). While the ALJ more than once noted findings of a normal gait with no assistive devices, plaintiff relies solely on Dr. Soufleris' statement that plaintiff should use a cane to avoid falls. (Tr. 2379, 2615, 2619). Notably, Dr. Soufleris repeatedly recorded a normal gait in examination records. (*See* 2378, 2382, 2384, 2615, 2618). Additionally, medical expert Dr. Elmi testified that multiple examinations found no need for, or use of, an assistive device (*see* Tr. 45), and he did not include use of a cane in his opinion. (Tr. 45-52). As discussed above, the ALJ found Dr. Elmi's opinion persuasive, specifically citing Dr. Elmi's observation of a normal gait with no assistive device. (Tr. 25; Tr. 45; Tr. 2378, 2382, 2384, 2403, 2615, 2618, 2709).

Finally, plaintiff contends the ALJ failed to consider the frequency with which he attended chiropractic treatments when formulating the RFC. (Dkt. No. 16 at 21-23). Plaintiff maintains he sees a chiropractor about two to three times per week but has failed to prove he had a more restrictive RFC because of these visits. *See Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)); *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order) (holding that plaintiff "had a duty to prove a more restrictive RFC, and failed to do so").

To be sure, absenteeism due to the frequency of treatment is a relevant factor to be considered by the ALJ when assessing a claimant's RFC, so long as the treatment is medically necessary and concerns the conditions on which the disability claim is founded. *Bellinger v. Comm'r of Soc. Sec.*, No. 3:17-CV-1692 (MPS), 2018 WL 6716092, at *2 (D. Conn. Dec. 21, 2018). However, plaintiff cites no evidence in the record to demonstrate that he would need to miss an entire day of work for each appointment or that his appointments could not have been scheduled differently so as to prevent excessive absenteeism. *Alysha C. v. Comm'r of Soc. Sec.*,

No. 20-cv-1178-FPG, 2022 WL 464239, at *6 (W.D.N.Y. Feb. 15. 2022). In sum, plaintiff has not satisfied his burden that there were greater restrictions due to chiropractic treatment.

**ACCORDINGLY, it is**

    **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is

        **DENIED**; and it is further

    **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 18) is

        **GRANTED.**

Dated: November 2, 2023                        *J. Gregory Wehrman*
Rochester, New York                      HON. J. Gregory Wehrman
                                                    United States Magistrate Judge